**Noemi MONGES–GARCIA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–72213.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 9, 2007.

Filed April 2, 2007.

Eduardo R. Soto, Coral Gables, FL, for Petitioner.

CAS–District Counsel, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Donald E. Keener, Esq., Norah Ascoli Schwarz, Esq., Alison Marie Igoe, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: RYMER, WARDLAW, and M. SMITH, Circuit Judges.

### MEMORANDUM *

Noemi Monges–Garcia seeks review of the order of the Board of Immigration Appeals (BIA) dismissing her appeal from the Immigration Judge's (IJ) decision denying her motion to reopen a 1994 deportation order entered in absentia in order to apply for adjustment of status relief. The BIA barred Monges–Garcia from proceeding by *sua sponte* holding that her motion was untimely as it was filed more than 90 days after the IJ's decision (October 28, 1994) and after September 30, 1996. The Board cited no authority for this, but we assume that it meant to apply the general 90–day limitations period in 8 C.F.R. § 1003.23(b)(1).

Monges–Garcia had no opportunity to argue to the BIA that this ruling was wrong because it was made *sua sponte*; however, she does challenge it in her petition for review.[1] We find the ruling problematic, primarily because applying the 90–day bar of § 1003.23(b)(1) to Monges–Garcia's request to reopen to adjust status appears to conflict with former INA § 242B(e)(1) (1994), which mandates a five-year period of ineligibility for certain discretionary relief including adjustment of status. Section 242B(e)(1) evidently contemplates that such relief *may* be sought after five years have elapsed. Yet the regulation cuts off the possibility of moving to reopen at 90 days, long before the opportunity envisioned by § 242B(e)(1) is ripe. Thus, the prospect of seeking relief based on adjustment of status at the end of the five-year period of ineligibility is rendered pyrrhic if, indeed, such relief may only be sought within 90 days of the in absentia order.[2] *See In re M–S–*, 22 I. & N. Dec. 349, 355 (BIA 1998) ("Without reopening deportation proceedings, there is no forum available for an alien who has been served with an Order to Show Cause to apply for ... adjustment of status.").

Monges–Garcia points out that there was no limitations period for moving to reopen a deportation proceeding for the purpose of adjusting status before the regulation in 61 F.R. 18900 (April 29, 1996) (now codified in part at 8 C.F.R. § 1003.23(b)(1), (4)), generally imposing a 90–day limit, was promulgated effective July 1, 1996 pursuant to the Immigration Act of 1990 § 545(d), Pub.L. No. 101–649, 104 Stat. 4978, 5066.[3] She argues that this

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. In its brief to this court, the government argued that Monges–Garcia could only reopen if she could meet the requirements for rescission in former INA § 242B(c)(3) (1994) and 8 CFR § 1003.23(b)(4)(iii). It subsequently withdrew this argument in light of *In re M–S–*, 22 I. & N. Dec. 349 (BIA 1998), and agreed that Monges–Garcia could reopen to seek adjustment of status without regard to the requirements for rescission; its oral submission instead defends the BIA's 90–day ruling.

2. Monges–Garcia was ordered deported in absentia October 28, 1994. She married a United States citizen January 19, 1996; eventually, a visa petition was approved August 4, 2002. Monges–Garcia then moved to reopen to seek adjustment of status on April 7, 2003. The five-year period of ineligibility imposed by former INA § 242B(e)(1) expired in October 1999. The 90–day bar imposed by § 1003.23(b)(1) would have kicked in September 30, 1996.

3. Shortly after the Department of Justice promulgated this regulation, Congress enacted the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub.L. 104–208, Div. C., 110 Stat. 3009–546. IIRIRA incorporated the 90–day rule for motions to reopen following a "final administrative order of removal." 8 U.S.C. § 1229a(c)(7)(C)(i).

has an impermissibly retroactive effect in her case, a constitutional issue that we may avoid depending upon how the relationship between the regulation, § 1003.23(b)(1), and the former statute, § 242B, is construed and applied to in absentia deportation orders entered before 1996.

While solutions to this conundrum occur to us, it is normally preferred for the BIA to construe the immigration laws in the first instance. So far as we can tell, it has never considered in a reasoned opinion whether the 90–day rule applies to motions to reopen pre–1996 in absentia deportation orders for the purpose of adjusting status, or whether there is any conflict between that rule and former § 242B(e)(1), or how, if there is conflict, it should be resolved. Accordingly, we remand for the BIA to address these issues.

PETITION GRANTED; REMANDED.