**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| **NOEMI MONGES-GARCIA**, | No. 10-71923 |
| Petitioner, | Agency No. A072-991-167 |
| v. | |
| **ERIC H. HOLDER Jr., Attorney General**, | **MEMORANDUM**<sup>*</sup> |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 6, 2012<sup>**</sup>
San Francisco, California

Before: **KOZINSKI**, Chief Judge, **CALLAHAN**, Circuit Judge, and
**KORMAN**, Senior District Judge.<sup>***</sup>

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Edward R. Korman, Senior United States District Judge for the Eastern District of New York, sitting by designation.

We dismissed this petition last year because Noemi Monges-Garcia failed to submit an opening brief. We reinstated the petition but must again dismiss because the opening brief doesn't comply with our rules and fails to raise a specific and distinct challenge to the BIA's order dismissing her appeal.

The opening brief is very nearly the same counsel submitted to us in 2004, before we remanded this case to the BIA. See Monges-Garcia v. Gonzales, 228 Fed. App'x 665, 667 (9th Cir. 2007). It adds a sentence and modifies another to tell us the agency was "incorrect" and "should be overruled," but it's otherwise cut-and-pasted from the previous filing. Our rules don't allow parties to "append or incorporate by reference briefs submitted to . . . this Court in a prior appeal," 9th Cir. R. 28-1(b), and this case shows why. Petitioner's recycled brief raises an issue that was resolved before remand, fails to address the agency's latest decision and reasoning and doesn't even cite 8 C.F.R. § 1003.23(b)(1), the regulation we asked the BIA to interpret. So far as we can tell, petitioner's attorney didn't read the agency's decision.

The government called Monges-Garcia's attention to the defects in her brief, arguing that it didn't comply with Fed. R. App. P. 28(a) and failed to "specifically and distinctly" challenge the agency's decision. Resp't Br. 12–14; see also Castro-Perez v. Gonzales, 409 F.3d 1069, 1072 (9th Cir. 2005). Yet she never filed a

reply and "made no attempt to correct the glaring deficiencies in the brief." Han v. Stanford Univ., 210 F.3d 1038, 1040 (9th Cir. 2000).

Dismissal of a petition for insufficient briefing may in some circumstances have harsh results for a petitioner, especially "when the fault lies solely with his or her counsel." Sekiya v. Gates, 508 F.3d 1198, 1200 (9th Cir. 2007). But Monges-Garcia informs us that she has an alternate avenue of relief: The government is willing to file a joint motion to reopen her in absentia deportation order. Such joint motions are not subject to the time limits on other motions to reopen, see 8 C.F.R. § 1003.2(c)(3)(iii), 1003.23(b)(4)(iv), and may provide Monges-Garcia with the relief she seeks.

Counsel shall not charge petitioner, directly or indirectly, for the attorney's fees and costs associated with this petition. Within 30 days of this order, counsel shall file a certificate stating under oath that he has discussed this matter with his client and has refunded any money he may have charged her for working on this petition.

On July 30, 2012, Monges-Garcia filed a motion for extension of time to hear oral argument. On July 31, 2012, we ordered this case submitted on the briefs. We therefore deny the motion as moot.

**DISMISSED.**