**CYNTEGRA, INC., a California corporation, Plaintiff—Appellant,**

v.

**IDEXX LABORATORIES, INC., a Delaware corporation, Defendant—Appellee.**

No. 07–56699.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 13, 2009.

Filed April 20, 2009.

Saralynn Mandel, Esq., Pasadena, CA, for Plaintiff–Appellant.

Robert P. Mallory, Esq., Los Angeles, CA, for Defendant–Appellee.

Before: FERNANDEZ, SILVERMAN, and CALLAHAN, Circuit Judges.

MEMORANDUM *

Cyntegra, Inc. ("Cyntegra") appeals several orders entered by the district court in favor of IDEXX Laboratories, Inc. ("IDEXX"), including an order granting IDEXX's motion for summary judgment on all of Cyntegra's claims. We affirm all of the district court's orders challenged on appeal.[1]

We review the grant of summary judgment de novo. *Cascade Health Solutions v. PeaceHealth*, 515 F.3d 883, 912 (9th Cir.2008). We review for abuse of discretion the district court's decisions concerning discovery, *Preminger v. Peake*, 552 F.3d 757, 768 n. 10 (9th Cir.2008), including its imposition of sanctions for spoliation of evidence. *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 957–58 (9th Cir.2006). We likewise review the district court's evidentiary rulings for abuse of discretion. *Kaiser Found. Health Plan, Inc. v. Abbott Labs., Inc.*, 552 F.3d 1033, 1042 (9th Cir. 2009). Finally, we evaluate the district court's denial of a motion to reconsider a magistrate judge's pretrial discovery order under a "clearly erroneous or contrary to law" standard. *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir.2004).

We affirm the district court's discovery and evidentiary decisions.[2] The district court's denial of Cyntegra's motion to reconsider Magistrate Judge Turchin's order limiting certain discovery to a five-year period was not "clearly erroneous or contrary to law." *Rivera*, 364 F.3d at 1063. The discovery order permits without temporal limitation discovery of IDEXX's form distribution agreements and IDEXX's "reasons or strategy for, or the effect of, the inclusion of such provisions in the form agreement." Thus, the order permitted Cyntegra to conduct significant "historical" discovery into the distribution agreements at the heart of this case. The district court reasonably balanced Cyntegra's need for historical discovery and the burden on IDEXX of producing decades-old documents that are

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Because the parties are familiar with the facts of this case, we repeat them here only as necessary to the disposition of this case.

2. We note that we could affirm the district court's discovery and evidentiary decisions on the grounds that Cyntegra has submitted materially deficient excerpts of record and paltry arguments that are, in nearly every instance, not supported by citations to the record or legal authority. *See* Fed. R.App. P. 28(a)(9)(A) ("The appellant's brief must contain ... appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies."); *Rattlesnake Coal. v. U.S. EPA*, 509 F.3d 1095, 1100 (9th Cir.2007) ("Issues raised in an opening brief but not supported by argument are considered abandoned."); *Sekiya v. Gates*, 508 F.3d 1198, 1200 (9th Cir.2007) (per curiam) (striking entire brief for material deficiencies including the failure to cite to legal authority or the record); *Cmty. Commerce Bank v. O'Brien (In Re O'Brien)*, 312 F.3d 1135, 1137 (9th Cir.2002) ("As with briefing inadequacies, the failure to present a sufficient record can itself serve as a basis for summary affirmance."). Nevertheless, we have reviewed the merits of all but one alleged error and conclude that the district court committed no error. We have not considered Cyntegra's argument that the district court erred by considering Dr. Dorman's expert rebuttal report, an argument Cyntegra forwards in a single conclusory sentence unsupported by citations to the record or legal authority.

only remotely relevant to the case. *See Continental Ore Co. v. Union Carbide & Carbon Corp.,* 370 U.S. 690, 710, 82 S.Ct. 1404, 8 L.Ed.2d 777 (1962).

■ In addition, the district court did not abuse its discretion by denying Cyntegra's ex parte application for a continuance of the summary judgment hearing. Cyntegra was not diligent in pursuing discovery, seeking a continuance, or seeking modification of the scheduling order. *See Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir.1992). Nor did Cyntegra ever move to compel discovery. The record also indicates that Cyntegra's counsel contributed to discovery delays. Thus, the district court did not abuse its discretion.

■ The district court also did not abuse its discretion by imposing an adverse inference instruction sanction against Cyntegra for spoliation of evidence. Both of Cyntegra's arguments on appeal lack merit. First, the district court correctly concluded that the lost or destroyed information was relevant to IDEXX's antitrust standing defense, which raised questions about Cyntegra's preparedness to enter the marketplace. Second, and relatedly, the district court correctly concluded that IDEXX suffered prejudice because it was deprived of relevant, non-cumulative evidence to support its theories in defense of the case.

■ Further, Cyntegra has not cited, and independent research has not uncovered, legal authority supporting the argument that the district court abused its discretion by striking Dr. Mody's expert rebuttal report. Finally, the district court did not abuse its discretion by denying Cyntegra's request for leave to file an untimely motion to exclude IDEXX's expert testimony. Cyntegra waited to file its motion until four days before the law and motion cut-off. Although Cyntegra's counsel argued before the district court that

she could not file the motion earlier for good cause due to a medical emergency, the district court noted that during the same period of medical emergency, Cyntegra's counsel was able to file at least six ex parte applications, as well as other motions and oppositions. Moreover, Cyntegra failed to seek leave in a timely manner notwithstanding the fact that it had provided weeks of notice regarding its intent to challenge IDEXX's expert testimony. We cannot find an abuse of discretion on this record.

Turning to Cyntegra's substantive antitrust claims, we affirm the district court's grant of summary judgment in favor of IDEXX because, on the present record, Cyntegra has not demonstrated that there remain genuine issues as to any material fact regarding whether Cyntegra has antitrust standing to pursue its antitrust claims. In order to establish antitrust standing, an antitrust plaintiff must adequately allege and prove antitrust injury. *See Glen Holly Entmt., Inc. v. Tektronix Inc.,* 352 F.3d 367, 371 (9th Cir.2003). "Only an actual competitor or one ready to be a competitor can suffer antitrust injury." *Bourns, Inc. v. Raychem Corp.,* 331 F.3d 704, 711 (9th Cir.2003). "[A] prospective participant in a market may suffer antitrust injury ... if it has taken 'substantial demonstrable steps to enter an industry and ... is thwarted in that purpose by antitrust violations.'" *Go–Video, Inc. v. Matsushita Elec. Indus. Co. (In re Dual–Deck Video Cassette Recorder Antitrust Litig.),* 11 F.3d 1460, 1464–65 (9th Cir.1993) ("*In re Dual–Deck*") (second modification in original) (quoting *Solinger v. A & M Records, Inc.,* 586 F.2d 1304, 1309 (9th Cir.1978)). A prospective participant "has standing if he can show a genuine intent to enter the market and a preparedness to do so." *Bubar v. Ampco Foods, Inc.,* 752 F.2d 445, 450 (9th Cir. 1985). We evaluate "intent and preparedness" by considering factors including:

"(1) the plaintiff's background and experience in the prospective business, (2) '[a]ffirmative action on the part of [the] plaintiff to engage in the proposed business,' (3) the plaintiff's ability to finance entry, and (4) consummation of contracts." *In re Dual–Deck,* 11 F.3d at 1465 (quoting *Solinger,* 586 F.2d at 1310).

■ Taking all inferences in Cyntegra's favor, we conclude that, as a matter of law, Cyntegra lacks antitrust standing. Cyntegra has meager background or experience in the animal testing services industry. Its founder and Chief Executive Officer, Simon Brodie, has no background education or experience in molecular diagnostic testing, or in the relevant science, technology, and business generally. Aside from Dr. Okumabua's declaration that he provided roughly six months of research and development assistance to Cyntegra, the evidence in the record indicates that Cyntegra operates through a skeleton crew of part-time outside consultants who lack any background or experience in the prospective business. The record also belies Cyntegra's claim that it had consulted with a veterinarian on its product line, as Dr. Werber only acted as a litigation consultant.

The record also indicates that Cyntegra had taken only preliminary steps to engage in its proposed business. Even considering the e-mails suggesting negotiations with three distributors and potential pre-orders for its product, the evidence in the record is scant as to Cyntegra's affirmative efforts to enter the market. Noticeably absent is documentary evidence regarding the actual production of the testing kits Cyntegra was purporting to sell. Further, Cyntegra never leased commercial office space, equipment, or a laboratory. And although Cyntegra contends that it proposed to use outside laboratories to process testing samples, the record does not contain the agreements it supposedly had with two outside laboratories.[3] In addition, Cyntegra has not conducted appropriate validation testing of its product, which is a significant step toward acceptance of a credible product in the marketplace.

In addition, Cyntegra has submitted no specific evidence of its ability to finance its nascent enterprise. It likewise failed to produce evidence of any ongoing efforts to raise capital in order to enter the market.

Finally, Cyntegra produced no evidence of consummated contracts with distributors or end-users, and its counsel confirmed at oral argument that it had none. Similarly, Cyntegra produced no evidence of other types of contracts that one might expect from a business that is ready to enter the marketplace, such as contracts with its consultants, suppliers, manufacturers, and, as noted above, the outside laboratories Cyntegra intended to use to test samples.

On the present record, we conclude that Cyntegra lacks antitrust standing and, therefore, do not reach the substance of Cyntegra's antitrust claims. And as stipulated by Cyntegra's counsel, none of Cyntegra's remaining claims survive summary judgment if we conclude, as we have, that the district court properly granted summary judgment on Cyntegra's antitrust claims. Accordingly, the district court's grant of summary judgment to IDEXX, and its discovery and evidentiary orders challenged on appeal, are **AFFIRMED.**

---

**3.** Likewise, Cyntegra has submitted no evidence in the record—aside from Brodie's declaration and deposition testimony—to support its claim that it had filed patent applications for its canine and feline diagnostic tests.