NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 15 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BYRON IXCATCOY LOPEZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No.    20-70581

Agency No. A200-822-735

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 8, 2021[**]
San Francisco, California

Before:  WARDLAW, BRESS, and BUMATAY, Circuit Judges.

Byron Lopez, a citizen of Guatemala, petitions for review of a decision by the Board of Immigration Appeals (BIA) dismissing his appeal of an Immigration Judge's (IJ) order denying his applications for withholding of removal and protection under the Convention Against Torture (CAT).

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction to review Lopez's petition under 8 U.S.C. § 1252. We review questions of law, and mixed questions of law and fact, de novo. *Torres v. Barr*, 976 F.3d 918, 923 (9th Cir. 2020). We review factual findings for "substantial evidence." *Mairena v. Barr*, 917 F.3d 1119, 1123 (9th Cir. 2019). Under that standard, we must find the BIA's findings sufficient unless, after reviewing the record as a whole, "any reasonable adjudicator" would have been "compelled" to reach a different conclusion. 8 U.S.C. § 1252(b)(4)(B); *Garland v. Ming Dai*, 141 S. Ct. 1669, 1677 (2021); *Mairena*, 917 F.3d at 1123.

We dismiss Lopez's petition because he has not raised any argument that we have jurisdiction to consider. In his brief, he makes only one argument: that he is entitled to withholding of removal because he was persecuted on account of his Quiche ethnicity. However, Lopez did not "meaningfully raise[]" that argument in front of the BIA, and when a petitioner does not present an issue to the BIA, we may not consider it. *See, e.g.*, *Sola v. Holder*, 720 F.3d 1134, 1135 (9th Cir. 2013) ("A petitioner's failure to raise an issue before the BIA generally constitutes a failure to exhaust, thus depriving this court of jurisdiction to consider the issue.").

The BIA denied relief on various other grounds, but Lopez does not raise any apparent challenge to them in his briefing. To the extent he purports to do so, his briefing does not sufficiently present the issues for our review. *See Sekiya v. Gates*, 508 F.3d 1198, 1200 (9th Cir. 2007) ("Bare assertions and lists of facts

2

unaccompanied by analysis and completely devoid of caselaw fall far short of the requirement that counsel present 'appellant's contentions and the reasons for them.'" (quoting Fed. R. App. P. 28(a)(8)(A)); *Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) ("[A]n issue referred to in the appellant's statement of the case but not discussed in the body of the opening brief is deemed waived.").

**PETITION DISMISSED.**