NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 28 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ERVIN ZAQUITAL-CANIZ, AKA Ervin
Marcelino Tzaquital-Caniz,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    16-70431

Agency No. A078-912-591

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2022**

Before:    FERNANDEZ, TASHIMA, and FRIEDLAND, Circuit Judges.

Ervin Zaquital-Caniz, a native and citizen of Guatemala, petitions for review

of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for withholding of removal

and relief under the Convention Against Torture ("CAT"). Our jurisdiction is

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's determination that the harm Zaquital-Caniz experienced in Guatemala did not rise to the level of persecution. *See Nahrvani v. Gonzales*, 399 F.3d 1148, 1153 (9th Cir. 2005) (persecution is an extreme concept); *see also Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) (evidence of threats did not compel the conclusion that petitioner suffered past persecution). Substantial evidence also supports the agency's determination that Zaquital-Caniz did not establish a clear probability of future persecution in Guatemala. *See Lanza v. Ashcroft*, 389 F.3d 917, 934-35 (9th Cir. 2004) (no clear probability of future persecution).

In his opening brief, Zaquital-Caniz does not raise, and therefore waives, any challenge to the agency's determination that he failed to establish eligibility for withholding of removal based on his indigenous race. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived).

Thus, Zaquital-Caniz's withholding of removal claim fails.

Substantial evidence supports the agency's denial of CAT relief because Zaquital-Caniz failed to show it is more likely than not he would be tortured by or

with the consent or acquiescence of the government if he returned to Guatemala. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

To the extent Zaquital-Caniz seeks to contend the agency violated his right to due process, his briefing does not sufficiently present the issues for our review. *See Sekiya v. Gates*, 508 F.3d 1198, 1200 (9th Cir. 2007) ("Bare assertions . . . unaccompanied by analysis and completely devoid of caselaw fall far short of the requirement that counsel present appellant's contentions and the reasons for them." (citation and internal quotation marks omitted)).

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

16-70431