**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

LINDA D. SEKIYA,
            *Plaintiff-Appellant,*

v.

ROBERT M. GATES,* officially as
Secretary of Defense,
            *Defendant-Appellee.*

No. 06-15887

D.C. No.
CV-04-00297-DAE

OPINION

Appeal from the United States District Court
for the District of Hawaii
David A. Ezra, District Judge, Presiding

Submitted November 7, 2007**

Filed November 29, 2007

Before: Diarmuid F. O'Scannlain, A. Wallace Tashima, and
Milan D. Smith, Jr., Circuit Judges.

Per Curiam Opinion

---

*Robert M. Gates is substituted for his predecessor, Donald H. Rumsfeld, as Secretary of Defense. Fed. R. App. P. 43(c)(2).

**The panel finds this case appropriate for submission without oral argument pursuant to Federal Rule of Appellate Procedure 34(a)(2).

**COUNSEL**

Venetia K. Carpenter-Asui, Honolulu, Hawaii, for the plaintiff-appellant.

Thomas A. Helper, Assistant United States Attorney, Honolulu, Hawaii, for the defendant-appellee.

**OPINION**

PER CURIAM:

Plaintiff-Appellant, Linda Sekiya, appeals from the grant of a motion for summary judgment in favor of her employer, Defendant-Appellee, Robert M. Gates, in his official capacity as Secretary of Defense. Sekiya claims that her supervisor discriminated against her on the basis of her disability, in violation of the Rehabilitation Act, 29 U.S.C. § 701, et seq. We strike Sekiya's opening brief in its entirety pursuant to Ninth Circuit Rule 28-1 and dismiss the appeal. We publish this opinion as a reminder that material breaches of our rules undermine the administration of justice and cannot be tolerated.

**Discussion**

**[1]** Federal Rule of Appellate Procedure 28 and our corresponding Circuit Rules 28-1 to -4 clearly outline the manda-

tory components of a brief on appeal. These rules exist for good reason. "In order to give fair consideration to those who call upon us for justice, we must insist that parties not clog the system by presenting us with a slubby mass of words rather than a true brief." *N/S Corp. v. Liberty Mut. Ins. Co.*, 127 F.3d 1145, 1146 (9th Cir. 1997).

**[2]** Here, Sekiya's opening brief is so deficient that we are compelled to strike it in its entirety and dismiss the appeal. *Cmty. Commerce Bank v. O'Brien* (*In re O'Brien*), 312 F.3d 1135, 1137 (9th Cir. 2002). The brief fails to provide the applicable standard of review, Fed. R. App. P. 28(a)(9)(B), and makes virtually no legal arguments, Fed. R. App. P. 28(a)(9)(A). Furthermore, it lacks a table of contents, Fed. R. App. P. 28(a)(2), a table of authorities, Fed. R. App. P. 28(a)(3), citations to authority, Fed. R. App. P. 28(a)(9)(A), and accurate citations to the record, Fed. R. App. P. 28(a)(9)(A) & (e).

**[3]** When writing a brief, counsel *must* provide an argument which *must* contain "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed. R. App. P. 28(a)(9)(A). In her brief, Sekiya challenges the district court's conclusion on summary judgment that she failed to present evidence that *would support* a finding of discrimination or *establish* that she was constructively discharged. She does so by asserting that "Plaintiff-Appellant disagrees" and by providing this court with a list of asserted facts without adequate citation to the record and without any argument or authority on how these facts, contrary to the district court's conclusion, *would support* or *establish* the finding that Sekiya seeks. Bare assertions and lists of facts unaccompanied by analysis and completely devoid of caselaw fall far short of the requirement that counsel present "appellant's contentions and the reasons for them."

**[4]** We are mindful of the harshness of this rule, especially as its application could, if unwisely applied, leave a meritori-

ous appellant without a legal remedy when the fault lies solely with his or her counsel. *See N/S Corp.*, 127 F.3d at 1146. With this concern in mind, and despite the abject deficiency of the brief, we have reviewed Sekiya's case on the merits based on a review of the district court record, and we are satisfied that the district court did not err. Sekiya, however, is not "entitled to have us expatiate on our reasons for finding [her] case unmeritorious." *Id.* at 1147. We conclude that Sekiya did not suffer an adverse employment action when her supervisor requested further substantiation of her absences. *See* 42 U.S.C. § 12112; *Nunes v. Wal-Mart Stores, Inc.*, 164 F.3d 1243, 1246 (9th Cir. 1999). Furthermore, the sarcastic comments made by her supervisor about her foot, though insensitive, do not rise to the level of a constructive discharge under our caselaw. *See Brooks v. City of San Mateo*, 229 F.3d 917, 930 (9th Cir. 2000) (constructive discharge occurs when conditions are "so intolerable that a reasonable person would leave the job").

APPEAL DISMISSED.