MEMORANDUM ***
A group of unaffiliated shareholders (the “Shareholders”) of the Mega-C Power Corporation (“Mega-C”) appeals from an order of the Bankruptcy Appellate Panel for the Ninth Circuit (“BAP”) affirming a settlement order entered by the bankruptcy court in Mega-C’s Chapter 11 proceeding.[1]
We do not reach the merits of this case, however, because the Shareholders’ claims are moot. An appeal becomes equitably moot when the “ ‘[a]ppellants have failed and neglected diligently to pursue their available remedies to obtain a stay of the objectionable orders of the Bankruptcy Court,’ thus ‘permitt[ing] such a comprehensive change of circumstances to occur as to render it inequitable ... to consider the merits of the appeal.’” In re Focus Media, Inc., 378 F.3d 916, 923 (9th Cir. 2004) (alterations in original) (quoting In re Roberts Farms, Inc., 652 F.2d 793, 798 (9th Cir.1981)).
In this case, the Shareholders concede that they never obtained a stay of the settlement order. They did not meaning *244 fully seek such relief either, as the Shareholders never filed the appropriate motion with the bankruptcy court. We have held that a failure to obtain a stay before appealing a bankruptcy court’s order does not necessarily render such appeal moot. See In re Sylmar Plaza, L.P., 314 F.3d 1070, 1074 (9th Cir.2002); In re S.S. Retail Stores Corp., 216 F.3d 882, 884 (9th Cir. 2000). However, as explained in Roberts Farms, “it is obligatory upon [an] appellant ... to pursue with diligence all available remedies to obtain a stay of execution of the objectionable order (even to the extent of applying to the Circuit Justice for relief ...) if the failure to do so creates a situation rendering it inequitable to reverse the orders appealed from.” 652 F.2d at 799 (emphasis added) (citing Valley Nat’l Bank of Ariz. v. Trustee, 609 F.2d 1274 (9th Cir.1979)).
Here, the failure of the Shareholders to obtain a stay allowed the settlement plan to be “substantially consummated.” See 11 U.S.C. § 1101(2). Mega-C has been dissolved; all of Mega-C’s property (including the Technology) has been transferred to either Axion or the trusts contemplated by the plan; and the Mega-C Estate has made distributions to various parties in reliance on the confirmation order. In such circumstances, we conclude that it would be “inequitable to consider the merits of the appeal.” See Roberts Farms, 652 F.2d at 798.
Accordingly, the “Appellees’ Joint Motion to Dismiss Appeals as Moot,” filed on April 9, 2007, is GRANTED.
The Shareholders’ “Joint Motion to Remand Case to Bankruptcy Court for the Purpose of Conducting Discovery or in the Alternative to Strike Matters Which Are Not in the Appellate Record,” filed on June 5, 2007, and the Appellees’ “Joint Motion to Dismiss Appeals for Violation of Circuit Court Rules, and for Damages and Costs for Frivolous Appeals,” filed on December 12, 2007, are DENIED as moot.[2] The Appellees’ motion for costs, made within their filing of December 12, 2007, is GRANTED. The Appellees are awarded double costs, see Fed. R.App. P. 38, and the Shareholders’ appeal is
DISMISSED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

. In a concurrently filed order, we dismiss a related appeal from the BAP’s order brought by the Taylor Group, No. 06-17403, pursuant to Federal Rule of Appellate Procedure 42(b).

. We note that the Shareholders’ opening brief fails to adhere to several essential requirements for such a filing. The brief fails to provide a corporate disclosure statement, see Fed. R.App. P. 26.1, and fails to state the applicable standards of review, see id. 28(a)(9)(B). In addition, the Shareholders did not file an excerpts of record, see 9th Cir. R. 30-1.1(b) ("Excerpts of record must be filed in all cases.” (emphases added)). See id. 30-1.4 ("In all appeals the excerpts of record shall include: (i) the notice of appeal; ... (iii) the judgment or interlocutory order appealed from; (iv) any opinion, findings of fact or conclusions of law relating to the judgment or order appealed from...."). Moreover, the Shareholders’ opening brief contains no citations to the excerpts of record, see id. 28-2.8, and only a handful of general citations to the record in the BAP, see Fed. R.App. P. 28(a)(9)(A) (stating that the appellant's argument must contain "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies ” (emphasis added)). Accordingly, even if we had jurisdiction to consider the Shareholders’ claims, we would be inclined to strike their opening brief and dismiss their appeal for failure to conform to these minimal requirements. See Sekiya v. Gates, 508 F.3d 1198, 1200 (9th Cir.2007) (per curiam); N/S Corp. v. Liberty Mut. Ins. Co., 127 F.3d 1145, 1146 (9th Cir.1997).