FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 27 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| DAVE MOLONY; GOLD LEAF INVESTMENTS, INC., <br><br> Plaintiffs - Appellees, <br><br> v. <br><br> CROOK COUNTY, a political subdivision of the State of Oregon, <br><br> Defendant - Appellant. | No. 09-35624 <br><br> D.C. No. 3:05-cv-01467-MO <br><br> MEMORANDUM[*] |
| DAVE MOLONY; GOLD LEAF INVESTMENTS, INC., <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> CROOK COUNTY, a political subdivision of the State of Oregon, <br><br> Defendant - Appellee. | No. 09-36005 <br><br> D.C. No. 3:05-cv-01467-MO |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

| DAVE MOLONY; GOLD LEAF INVESTMENTS, INC.,<br><br>         Plaintiffs - Appellees,<br><br>  v.<br><br>CROOK COUNTY, a political subdivision of the State of Oregon,<br><br>         Defendant - Appellant. | No. 09-36089<br><br>D.C. No. 3:05-cv-01467-MO |
| --- | --- |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Argued and Submitted May 4, 2011
Portland, Oregon

Before: KOZINSKI, Chief Judge, BEA and IKUTA, Circuit Judges.

A.  Trial Issues

The district court did not err in denying the County's motions for summary judgment and judgment as a matter of law ("JMOL") on Plaintiffs' state-law taking claim.  Oregon law imposes a finality requirement.  *W. Linn Corporate Park LLC v. City of W. Linn*, 240 P.3d 29, 38–39 (Or. 2010).  However, even if the Planning Commission's decision was not final, Oregon courts have recognized that "[f]utility excuses a landowner from taking steps to ripen a claim when it is shown that there is no possibility that a viable proposal of any kind will be approved."

*Murray v. State*, 124 P.3d 1261, 1270 (Or. Ct. App. 2005). The head of the three-person Crook County Court had told Molony that Quail Canyon Road did not provide legal access and declared that the Crook County Court would "defer[] to the decision of the planning department." The letter containing these statements was also sent to the other two members of the Crook County Court, who raised no objection to their chief's stated views. Therefore, "there was very little likelihood—or no likelihood—that the development would have been approved" had Plaintiffs appealed to the Crook County Court. *Boise Cascade Corp. v. Bd. of Forestry*, 63 P.3d 598, 605 (Or. Ct. App. 2003).

On the merits, viewing the evidence in the light most favorable to the verdict, substantial evidence supported a state-law taking violation. In its final ruling, the Planning Commission concluded that Quail Canyon Road did not provide legal access. A jury could have found that the County's decision was "permanent on its face or so long lived as to make any present economic plans for the property impractical." *Boise Cascade Corp. v. Bd. of Forestry*, 935 P.2d 411, 421 (Or. 1997).

The district court did not err in denying the County's motions for summary judgment and JMOL on Plaintiffs' federal equal protection claim. Plaintiffs satisfied "prong-one" ripeness by obtaining a final decision from the Planning

Commission. *See W. Linn Corporate Park LLC v. City of W. Linn*, 534 F.3d 1091, 1100 (9th Cir. 2008). Under "prong-two," Plaintiffs filed a state inverse condemnation action in state court. *Id.* On the merits, evidence was presented to the jury which demonstrated that the County treated similarly situated persons differently, had animus against Molony, and acted arbitrarily. A reasonable jury could have found an equal protection violation.

The County contends the district court erred when it granted Plaintiffs' motion in limine excluding "testimony and evidence asserting or aiding a ripeness or exhaustion defense against Plaintiffs' claims." However, other than including a section contending that the error was preserved, the County's opening brief contains no argument on this issue. Therefore, the issue is waived. *See Sekiya v. Gates*, 508 F.3d 1198, 1200 (9th Cir. 2007); Fed. R. App. P. 28(a)(9)(A).

The district court did not abuse its discretion by denying the County's motion for mistrial. "A new trial should only be granted where the flavor of misconduct . . . sufficiently permeate[s] an entire proceeding to provide conviction that the jury was influenced by passion and prejudice in reaching its verdict." *Settlegoode v. Portland Pub. Sch.*, 371 F.3d 503, 516–17 (9th Cir. 2004) (alterations in original) (internal quotation marks omitted). Because the comments regarding Molony's military service in Vietnam were made only during Molony's

4

opening statement, and the County refused an opportunity to have an admonition given to the jury, the district court did not abuse its discretion by denying the motion for mistrial. *See id.*; *Kehr v. Smith Barney, Harris Upham & Co.*, 736 F.2d 1283, 1286 (9th Cir. 1984).

The district court did not abuse its discretion by permitting evidence that was not presented to the Planning Commission. Liability was based on the County's "course of conduct," and the expert testimony was highly relevant for determining whether the County's conduct would support finding an equal protection violation.

The district court did not abuse its discretion by denying the County's motion to strike Plaintiffs' claim for damages and the evidence supporting it. The County denied that Quail Canyon Road provided legal access on several occasions prior to the Planning Commission's decision, and the jury explicitly found it was the County's "course of conduct" which resulted in liability. In addition, the district court properly allowed Dr. Fruits to testify as to damages. The County did not challenge Dr. Fruits's expert qualifications or his method for calculating damages pursuant to *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993).

B. Attorneys' Fee Award

In its opening brief, the County made no mention of its appeal of the district

5

court's attorneys' fee award. Therefore, the County's arguments are waived. *See Sekiya*, 508 F.3d at 1200; Fed. R. App. P. 28(a)(9)(A).

The district court abused its discretion, in part, by denying all fees between the original trial date and the rescheduled trial date. The trial was continued at the pretrial conference held nine days before the original trial date. But for Plaintiffs' counsel's expert disclosure errors, counsel would have been entitled to fees for work performed in the nine days leading up to trial—a period of time with significant work preparing for trial. Given that the district court's fee reduction was not meant to be punitive, Plaintiffs' counsel should have been awarded fees for trial preparation work during the nine days before the continued trial date. On remand, the district court shall award fees for the nine days leading up to the continued trial date, to the extent these fees would have been incurred regardless of the continuance and were not already awarded for time spent working during the nine days before the original trial date.

**AFFIRMED in part; REVERSED AND REMANDED in part.** Crook County shall bear all parties' costs on appeal.