NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BILLON, INC. dba OMEGA PRODUCTS INTERNATIONAL, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> JAMES SLATIN, EDNA CORLEY, JOHN VINZANT, AND MARTIN KNIGHT; DOES, 1-100, inclusive, <br><br> Defendants-Appellees. | No.   17-56790 <br><br> D.C. No. 8:16-cv-00788-CJC-JPR <br><br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Submitted April 9, 2019**
Pasadena, California

Before:  TASHIMA and PAEZ, Circuit Judges, and KATZMANN,*** Judge.

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\**        The panel unanimously concludes that this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\***        The Honorable Gary S. Katzmann, Judge for the United States Court of International Trade, sitting by designation.

Plaintiff Billon, Inc., ("Billon") doing business as Omega Products International ("Omega"), alleged various causes of action against James Slatin, Edna Corley, John Vinzant, and Martin Knight ("Defendants") arising from the business relationship between Omega and Defendants' company Universal-Products International, LLC ("Universal"). Billon alleged that Defendants promised, but did not actually intend, to abide by the terms and conditions included in a signed but denied application for credit from Omega ("Credit Application"). According to Billon, by signing the Credit Application without intending to adhere to its terms, Defendants committed promissory fraud and negligent misrepresentation. Defendants moved for summary judgment, and Billon sought leave to amend its complaint. The district court granted summary judgment to Defendants and denied Billon's motion for leave to amend as futile because California's litigation privilege precluded Billon's causes of action. Subsequently, the district court awarded attorney's fees to Defendants. Billon appeals the denial of leave to amend its complaint.[1] Largely for the reasons set forth in the district court's memorandum decision and order, we affirm.

---

[1] Billon initially sought to appeal the district court's award of attorney's fees; however, Billon did not argue this issue in its opening brief. Consequently, Billon waived its challenge to the attorney's fees award. *See* Fed. R. App. Proc. 28(a)(8)(A); *see also Sekiya v. Gates*, 508 F.3d 1198, 1200 (9th Cir. 2007) ("When writing a brief, counsel *must* provide an argument which *must* contain 'appellant's

California's litigation privilege, California Civil Code § 47(b), attaches to "any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action." *Silberg v. Anderson*, 50 Cal. 3d 205, 212 (1990) (citations omitted). Billon contends that the litigation privilege does not bar its claims because the relevant misrepresentation was made when Defendants signed the Credit Application and well in advance of any contemplated litigation. We do not find this argument persuasive.

The amended complaint alleged that Defendants committed promissory fraud or negligent misrepresentation by signing the Credit Application without intending to abide by its terms and conditions. Both torts require plaintiffs to prove that their actual and justifiable reliance on the misrepresentation caused harm. *See Rossberg v. Bank of Am., N.A.*, 219 Cal. App. 4th 1481, 1498, *as modified on denial of reh'g* (Sept. 26, 2013); *Ragland v. U.S. Bank Nat'l Assn.*, 209 Cal. App. 4th 182, 196 (2012).

Here, Billon's only alleged damages arose out of the underlying litigation in state court. Universal's state court arguments and deposition testimony were

---

contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies.'") (emphasis original) (quoting Fed. R. App. Proc. 28(a)(9)(A) (recodified at Fed. R. App. Proc. 28(a)(8)(A) (2013)).

communications made in a judicial proceeding by litigants to achieve the objective of the state court litigation and were logically related to bringing that lawsuit. *Navellier v. Sletten*, 106 Cal. App. 4th 763, 770 (2003). In sum, Billon is correct that the Credit Application itself is not protected by the litigation privilege; however, Billon seeks to impose tort liability for the underlying litigation, which the district court correctly determined is barred by California's litigation privilege. *See id.* at 772 (holding that, while the alleged tortious conduct occurred prior to litigation, the plaintiffs' damages were caused by activities protected by the litigation privilege and that plaintiffs thus could not prevail on their tort claim).

Because California's litigation privilege bars Billon's claims, "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim," and Billon's proposed amendments are futile. *Sweaney v. Ada Cty., Idaho*, 119 F.3d 1385, 1393 (9th Cir. 1997) (quoting *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)). We thus affirm the district court's denial of the motion for leave to amend the complaint.

**AFFIRMED.**