NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 16 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TAMMY L. WISE, | No.   22-35278 |
| Plaintiff-Appellant, | D.C. No. 3:21-cv-05410-SKV |
| v. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Sarah Kate Vaughan, Magistrate Judge, Presiding

Submitted February 10, 2023**
Portland, Oregon

Before:  MURGUIA, Chief Judge, and FORREST and SUNG, Circuit Judges.

Tammy Louise Wise appeals from the district court's order affirming the

Social Security Commissioner's denial of her supplemental-security-income and

disability-insurance applications.  Wise argues that the Administrative Law Judge

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("ALJ") erred by improperly evaluating the medical evidence, discounting Wise's testimony, ignoring lay testimony, and providing an incomplete hypothetical to the vocational expert. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Wise alleged disability based on mental and physical impairments including asthma, depression, obesity, hypertension, and degenerative-disc disease. She claimed that these conditions made it difficult for her to sit, stand, walk, and function in general. She argued that these issues, in combination, made her unable to work.

We review the district court's order de novo and reverse only if the ALJ's decision was not supported by substantial evidence or was based on legal error. *Larson v. Saul*, 967 F.3d 914, 922 (9th Cir. 2020). Substantial evidence is "more than a mere scintilla. It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up). Even if the ALJ errs, we must affirm if the error was harmless. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. § 404.1502(a).

1. Wise first argues that the ALJ erred by finding unpersuasive the opinions of one-time examining nurse practitioner ("NP") Megan Colburn and non-examining physician Dr. Brent Packer that Wise was "[u]nable to meet the

2

demands of sedentary work."[1]  The ALJ concluded that these medical opinions were unpersuasive because the opinions were "unsupported by, and inconsistent with," NP Colburn's own exam findings and Wise's medical history and daily activities.  It is well within the province of the ALJ to make their decision based on such inconsistencies, and the ALJ's finding is supported by substantial evidence.  *See Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  And even if, as Wise argues, NP Colburn's "clinical findings are sufficient to support" her and Dr. Packer's opinions, we must affirm because the clinical findings—in conjunction with the record as a whole—sufficiently support the ALJ's alternative interpretation of the evidence.  *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) ("Where evidence is susceptible to more than one rational interpretation, . . . the ALJ's conclusion . . . must be upheld.").

Wise also lists various medical findings and asserts that those findings substantiate NP Colburn and Dr. Packer's opinions.  But because that broad assertion is unaccompanied by specific analysis, any argument based on this evidence is waived.  *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (recognizing that this court will not manufacture arguments where none is presented); *Sekiya v. Gates*, 508 F.3d 1198, 1200 (9th Cir. 2007)

---

[1] Both NP Colburn and Dr. Packer's opinions to this effect were limited to checking a single box on a form.

3

(concluding that "lists of facts unaccompanied by analysis and completely devoid of caselaw fall far short of" Federal Rule of Appellate Procedure 28(a)(8)(A)'s requirement that appellants present their "contentions and the reasons for them" in opening briefs).

Accordingly, the ALJ did not improperly evaluate the medical evidence and their findings were supported by substantial evidence.

2.     Wise next argues that the ALJ erred in rejecting her symptom testimony. Because Wise "presented objective medical evidence of an underlying impairment [that] could reasonably be expected to produce the pain or other symptoms alleged," the ALJ could reject her "testimony about the severity of her symptoms only by offering specific, clear[,] and convincing reasons for doing so." *Garrison v. Colvin*, 759 F.3d 995, 1014–15 (9th Cir. 2014) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)). The ALJ provided three record-supported sets of reasons for discounting Wise's testimony, namely that she responded favorably to conservative treatment; her symptom reports were inconsistent with her testimony about her daily activities; and Wise had given contradictory information and "alter[ed] . . . stories" to her many treatment providers, with some concluding that her asserted pain was "out of proportion" with her physical examinations. These inconsistences, as well as Wise "respond[ing] favorably to conservative treatment . . . . undermines [her] reports

4

regarding the disabling nature of [her] pain." *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008); *see also Molina*, 674 F.3d at 1113. So the reasons given by the ALJ are—individually and collectively—clear and convincing explanations for discounting Wise's symptom reports and are each supported by substantial evidence in the record.

3.      Wise argues that the ALJ erred in ignoring lay testimony. The ALJ need not discuss lay testimony if it "is similar to other testimony that the ALJ validly discounted [or] is contradicted by more reliable medical evidence that the ALJ credited." *Molina*, 674 F.3d at 1119. If lay testimony is "similar to [the claimant's] own subjective complaints," and the ALJ has "provided clear and convincing reasons for rejecting" the claimant's testimony, "it follows that the ALJ also gave germane reasons for rejecting" the layperson's testimony. *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009). Because the lay testimony was similar to Wise's complaints and the ALJ provided clear and convincing reasons to discount Wise's testimony, their decision not to discuss lay testimony was not error.

4.      Finally, Wise argues that the ALJ's residual-functional-capacity assessment was based on a flawed analysis of the medical evidence and testimony. This argument, however, simply restates Wise's earlier argument that the ALJ improperly discounted her testimony and the testimony of medical experts.

Because we have already concluded that the ALJ properly discounted that testimony, Wise has not shown that the ALJ's assessment was based on a flawed analysis. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175–76 (9th Cir. 2008) (affirming denial of benefits for this reason).

Wise also argues that the ALJ's step-four finding about the past relevant jobs that she could capably perform was error because the ALJ relied on a vocational expert's testimony "in response to a hypothetical that did not include all of Wise's limitations." The ALJ's decision acknowledges that his hypothetical to the vocational expert omitted a portion of Wise's residual-functional-capacity assessment: "the limitations pertaining to handling and fingering." This omission was error. *See Bray v. Commissioner of Social Security Administration*, 554 F.3d 1219, 1228 (9th Cir. 2009) ("If an ALJ's hypothetical does not reflect all of the claimant's limitations, then the expert's testimony has no evidentiary value to support a finding that the claimant can perform jobs in the national economy.") (internal quotation marks omitted). But the ALJ justifies this omission by stating that the Dictionary of Occupational Titles "does not indicate that a limitation to only frequent handling and fingering would preclude [Wise] from performing [her past relevant jobs]" because none of these jobs required more than frequent handling and fingering, and, in the alternative, one of them could be performed even if Wise were limited to sedentary-level work. Accordingly, this error was

"inconsequential to the ultimate nondisability determination" and the "outcome of the case" and therefore harmless. *See Molina*, 674 F.3d at 1115.

***

The ALJ's decision that Wise was not disabled was supported by substantial evidence.

**AFFIRMED.**