**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| DEANNA TRIPODO, | No. 22-35781 |
| Plaintiff-Appellant, | D.C. No. 2:21-cv-00145-RMP |
| v. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of Washington
Rosanna Malouf Peterson, District Judge, Presiding

Submitted September 11, 2023**
Seattle, Washington

Before:  HAWKINS, W. FLETCHER, and R. NELSON, Circuit Judges.

Claimant Deanna Tripodo appeals from the district court's grant of summary

judgment to the Commissioner of Social Security.  Tripodo sued, arguing that the

Social Security Administration improperly denied her claims for Social Security

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Disability Insurance Benefits and Supplemental Security Income.  On appeal, she contends, *inter alia*, that the Administrative Law Judge ("ALJ") improperly discounted (1) her subjective symptom testimony and (2) opinions from two different medical sources.

We have jurisdiction pursuant to 28 U.S.C. § 1291.  We review de novo a district court's decision to affirm the Social Security Administration's determination.  *Moore v. Comm'r of Soc. Sec. Admin*, 278 F.3d 920, 924 (9th Cir. 2002).  We "will disturb the denial of benefits only if the decision contains legal error or is not supported by substantial evidence."  *Lambert v. Saul*, 980 F.3d 1266, 1270 (9th Cir. 2020) (internal quotation marks omitted) (quoting *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008)).  We affirm.

Among other impairments, Tripodo suffers from right shoulder osteoarthritis, deep vein thrombosis, anemia, bilateral carpal tunnel syndrome, and fibromyalgia.  She testified before the ALJ that she had constant shoulder and hand pain.  She also testified that she could only stand for fifteen minutes due to fatigue and that she needed a walker.  She testified that she had to elevate her legs most of the day due to swelling.

The ALJ may reject claimant's testimony "only by offering specific, clear[,] and convincing reasons."  *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir.

2

2007) (internal quotation marks omitted). For cases filed after March 27, 2017, the revised social security regulations apply to an ALJ's evaluation of medical opinions. *Woods v. Kijakazi*, 32 F.4th 785, 790 (9th Cir. 2022). Under these revised regulations, the most important factor in evaluating a medical source's opinion is "supportability" and "consistency." 20 C.F.R. § 404.1520c(a). Substantial evidence must support the ALJ's evaluation of these factors. *Id.* at 792.

The ALJ provided specific, clear, and convincing reasons for discrediting Tripodo's testimony. Medical evidence in the record contradicted her testimony about constant shoulder and hand pain because she herself presented at numerous medical consultations without pain or limitations in her extremities. Additionally, blood transfusions and iron pills controlled her anemia-induced fatigue. After the date Tripodo testified she needed a walker, she responded well to physical therapy to the point where one doctor found she could engage in frequent unassisted walking and standing. Lastly, she frequently presented at medical consultations ambulating normally, without swelling in her legs, and without needing to elevate her legs. Therefore, the ALJ did not err in discrediting her testimony.

Tripodo relied on an opinion from a doctor of osteopathic medicine to support her claim of disability. That doctor opined that Tripodo would miss four or more days of work a month for doctor's appointments and symptom treatment

3

for her lower extremities.  The ALJ found that this opinion was unsupported and inconsistent with the record, and substantial evidence supports that determination. The doctor failed to provide any reason why these appointments would cause her to miss work.  Additionally, as noted above, Tripodo often presented at medical consultations without limitations in her lower extremities.

Tripodo also relied on an opinion from a doctor of medicine who treated her shortly after her shoulder surgery.  The ALJ's finding that this opinion was not supported or consistent with the record is supported by substantial evidence.  The doctor's opinion concerned the state of her shoulder shortly after surgery, and the doctor explicitly limited his prognosis to a six-month period after her surgery.  As noted above, Tripodo presented to numerous medical consultations outside of this six-month period without pain or limitations in her upper extremities.

We find the remainder of Tripodo's arguments are waived because they were either not raised before the district court or not adequately briefed to us.  *See One Indus., LLC v. Jim O'Neal Distrib., Inc.*, 578 F.3d 1154, 1158 (9th Cir. 2009); *Sekiya v. Gates*, 508 F.3d 1198, 1200 (9th Cir. 2007) (per curiam) ("Bare assertions and lists of facts unaccompanied by analysis and completely devoid of

4

caselaw fall far short of the requirement that counsel present 'appellant's contentions and the reasons for them.'" (quoting Fed. R. App. P. 28(a)(9)(A))).

**AFFIRMED.**