NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 13 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ANTONIO PAXTOR-HERRERA,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 22-1347

Agency No.
A079-026-831

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 4, 2024[**]
Pasadena, California

Before: SCHROEDER, W. FLETCHER, and CALLAHAN, Circuit Judges.

Petitioner, Antonio Paxtor-Herrera ("Paxtor-Herrera"), a native and citizen

of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA")

order affirming the Immigration Judge's ("IJ") denial of his application for

withholding of removal based on a finding of adverse credibility. We review an

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

adverse credibility finding under the substantial evidence standard, looking to the totality of the circumstances. *Yali Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017); *Li v. Garland*, 13 F.4th 954, 959 (9th Cir. 2021). "[T]here is no bright-line rule under which some number of inconsistencies requires sustaining or rejecting an adverse credibility determination. Rather, in assessing an adverse credibility finding under the [REAL ID] Act, we must look to the totality of the circumstances[ ] and all relevant factors." *Li*, 13 F.4th at 959 (internal citations and quotations omitted). We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1), and we deny the petition for review.

1. This case presents a threshold question as to whether Petitioner waived review of the BIA's decision by failing to adequately address it in his opening brief. Federal Rule of Appellate Procedure 28(a)(8) requires an opening brief to provide argument which contains, among other things, "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." *See* Fed. R. App. P. 28(a)(8)(A). This court has made clear that issues not "specifically and distinctly" argued in the opening brief may be deemed forfeited, *Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022) (as amended) (internal citation and quotations marks omitted), and "[i]ssues raised in a brief that are not supported by argument are deemed abandoned," *Martinez–Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996).

Paxtor-Herrera's counsel submitted essentially the same brief in the instant appeal as he did before the BIA. For this reason, the argument section contains no reference or citation to the BIA decision. We could conclude that by failing to articulate any error by the BIA or contest any portion of the BIA's decision, Paxtor-Herrera has forfeited and abandoned these arguments. *See Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 n.5 (9th Cir. 2013); *Martinez–Serrano*, 94 F.3d at 1259–60; *see also Sekiya v. Gates*, 508 F.3d 1198, 1200 (9th Cir. 2007). Nonetheless, the Court declines to dismiss the appeal for abandonment or forfeiture.

2. We turn next to the merits of the adverse credibility finding. Under the REAL ID Act, "there is no presumption that an applicant for relief is credible." *Ling Huang v. Holder*, 744 F.3d 1149, 1152 (9th Cir. 2014). The IJ's credibility determination must be based on the "totality of the circumstances, and all relevant factors," including the applicant's "candor, or responsiveness," the "consistency between the applicant's . . . written and oral statements," and "the consistency of such statements with other evidence of record." 8 U.S.C. § 1158(b)(1)(B)(iii). "[A]ny inaccuracies, omissions of detail, or inconsistencies found by the IJ, regardless of whether they go to the 'heart' of a petitioner's claim, may support an adverse credibility finding." *Tamang v. Holder*, 598 F.3d 1083, 1093 (9th Cir. 2010). Inconsistencies may form the basis of an adverse credibility finding under

the totality of the circumstances analysis. *Alam v. Garland*, 11 F.4th 1133, 1135 (9th Cir. 2021) (en banc).

Here, substantial evidence supports the IJ's adverse credibility determination. In the instant case, the IJ identified the following inconsistencies in Paxtor-Herrera's testimony: (1) inconsistencies about whom Paxtor-Herrera told about his kidnapping and rape, (2) inconsistencies about who raped Paxtor-Herrera, (3) inconsistencies about why Paxtor-Herrera was targeted, (4) inconsistencies about whether his kidnapping and rape were ever reported to authorities, and (5) inconsistencies about the alleged persecutors' issues with Paxtor-Herrera's father. Each inconsistency is supported by the record.

Indeed, Paxtor-Herrera does not deny these inconsistencies but rather posits two explanations for them: (1) the inconsistencies can be explained by an alleged language barrier and (2) the inconsistencies were due to memory issues he experienced because of the sexual assault. First, Paxtor-Herrera is correct that apparent inconsistencies resulting from translation issues may not be sufficient to support a negative credibility finding. *See Kebede v. Ashcroft*, 366 F.3d 808, 811 (9th Cir. 2004). However, there were no such translation issues here. The record contains a multitude of statements by Paxtor-Herrera, under oath and with counsel present, that he spoke and understood Spanish.

Second, Paxtor-Herrera's argument that the inconsistencies are due to the

nature of the sexual assault is unavailing. We have held that an applicant's failure to relate details about sexual assault or abuse at the first opportunity "cannot reasonably be characterized as an inconsistency." *Paramasamy v. Ashcroft*, 295 F.3d 1047, 1052–53 (9th Cir. 2002). But on this record Paxtor-Herrera cannot even make that argument. There is no contention that Paxtor-Herrera failed to report his sexual assault at the first opportunity. Rather, the inconsistencies identified by the IJ and supported by the record, relate to whom Paxtor-Herrera told about the sexual assault, who committed the sexual assault, and whether the sexual assault was ever reported to the police.

3. Finally, Paxtor-Herrera's opening brief addresses the merits of his withholding of removal claim. However, because the BIA affirmed the denial of Paxtor-Herrera's application for withholding of removal based only on the dispositive basis of adverse credibility, this court's review is limited to that determination. *Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011); *see also Budiono v. Lynch*, 837 F.3d 1042, 1046 (9th Cir. 2016) ("Our review is limited to those grounds explicitly relied upon by the Board."). Accordingly, we do not address Paxtor-Herrera's other arguments.

**PETITION DENIED.**

22-1347