**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

JOSE GUILLERMO REYES-
HERNANDEZ,

        Petitioner,

  v.

PAMELA BONDI, Attorney General,

        Respondent.

No. 24-816

Agency No.
A094-171-080

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 24, 2025**
Pasadena, California

Before: BOGGS,*** FRIEDLAND, and BRESS, Circuit Judges.

    Petitioner Jose Guillermo Reyes-Hernandez, a native and citizen of El

Salvador who previously lived in Mexico, seeks review of a decision by the Board

---

    * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    ** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

    *** The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

of Immigration Appeals ("BIA") affirming the denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review factual findings for substantial evidence, applying the standards governing adverse credibility determinations under the REAL ID Act, and review legal conclusions de novo. *See Shrestha v. Holder*, 590 F.3d 1034, 1039–40, 1048 (9th Cir. 2010). We deny the petition.

1. Considering "the totality of [the] circumstances," substantial evidence supports the BIA's affirmance of the immigration judge's adverse credibility determination. *Id.* at 1044. Petitioner provided inconsistent testimony as to when he moved to Mexico and when he began facing problems with gangs there. Petitioner testified before the immigration judge to additional violence that he had not previously mentioned in his asylum application, while also omitting incidents of violence that he had previously alleged. Those inconsistencies reflect significant alterations to his account rather than the mere omission of trivial details. *See Silva-Pereira v. Lynch*, 827 F.3d 1176, 1185 (9th Cir. 2016). Petitioner's argument that those inconsistencies should be attributed to poor memory and nerves does not compel a contrary conclusion, especially given that he was able to recall details from decades prior at other points in his testimony. *See Farah v. Ashcroft*, 348 F.3d 1153, 1154 (9th Cir. 2003).

Petitioner broadly asserts that he provided country-conditions evidence corroborating his claims, but he does not provide further explanation or support from specific evidence in the record. Such "[b]are assertions and lists of facts unaccompanied by analysis . . . fall far short of the requirement that counsel present 'appellant's contentions and the reasons for them.'" *Sekiya v. Gates*, 508 F.3d 1198, 1200 (9th Cir. 2007) (quoting Fed. R. App. P. 28(a)(8)(A)).

Given the absence of credible testimony or other sufficient evidence, we must deny the petition as to Petitioner's asylum and withholding-of-removal claims. *See Farah*, 348 F.3d at 1156.

2. The BIA held that Petitioner waived his CAT claim because he failed to meaningfully appeal the immigration judge's denial of protection. Petitioner's brief to our court does not contest the BIA's waiver determination, so we deny the petition as to the CAT claim as well. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir. 1996).

3. The temporary stay of removal will remain in place until the issuance of the mandate, and the motion to stay removal (Dkt. No. 3) is otherwise **DENIED**.

**PETITION DENIED.**