**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 7 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

LESLAY A. CHANDEL,

      Plaintiff - Appellant,

v.

FRANK BISIGNANO, Commissioner of
Social Security,

      Defendant - Appellee.

No. 24-5497

D.C. No.
3:23-cv-05911-SKV

MEMORANDUM[*]

---

Appeal from the United States District Court
for the Western District of Washington
Sarah Kate Vaughan, Magistrate Judge, Presiding

Submitted August 18, 2025[**]
Portland, Oregon

Before: CALLAHAN and MENDOZA, Circuit Judges, and SNOW, District
Judge.[***]

      Plaintiff-Appellant Leslay A. Chandel appeals a district court order

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

    [***]     The Honorable G. Murray Snow, United States District Judge for the
District of Arizona, sitting by designation.

affirming the denial of supplemental security income benefits by an administrative law judge ("ALJ"). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's order de novo and will not overturn the ALJ's decision "unless it is either not supported by substantial evidence or is based upon legal error." *Woods v. Kijakazi*, 32 F.4th 785, 788 (9th Cir. 2022) (quoting *Luther v. Berryhill*, 891 F.3d 872, 875 (9th Cir. 2018)). Substantial evidence "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). We affirm.

1. To reject a medical opinion, an ALJ must "'articulate . . . how persuasive' [he] finds 'all of the medical opinions' from each doctor or other source" and that "'explain[s] how [he] considered the supportability and consistency factors' in reaching [his] findings." *Woods*, 32 F.4th at 792 (first quoting 20 C.F.R. § 404.1520c(b); and then quoting 20 C.F.R. § 404.1520c(b)(2)).

Chandel claims that the ALJ erred in rejecting the opinions of Terilee Wingate, Ph.D., regarding the extent of Chandel's limitations, including her abilities to maintain appropriate behavior, to communicate effectively, to complete a normal workday without interruptions from psychological symptoms, and to maintain a schedule. The ALJ reasonably found that Dr. Wingate's opinions were inconsistent with medical records documenting Chandel's normal behavior at

medical appointments, as well as her performance of activities that suggest a greater level of functioning than Dr. Wingate assessed. *See Stiffler v. O'Malley*, 102 F.4th 1102, 1108 (9th Cir. 2024) (upholding ALJ's rejection of a medical opinion on the basis that the claimant's "documented activities suggest a higher range of functioning than those assessed" by the doctor). Additionally, the ALJ reasonably determined that Dr. Wingate's opinions lacked support, including because Dr. Wingate's records of her examinations of Chandel included many normal findings. *See Kitchen v. Kijakazi*, 82 F.4th 732, 740 (9th Cir. 2023) (upholding ALJ's rejection of a medical opinion on the basis that the doctor's "objective observations during office visits counter[ed] the extremeness of [the doctor's] evaluation").[1]

Chandel contends that the ALJ erred in rejecting the opinions of William Wilkinson, Ph.D. But Dr. Wilkinson examined Chandel a year prior to her claimed disability onset date, and he only provided a prognosis for the following nine months. Thus, Chandel has not shown that the ALJ committed any prejudicial error in rejecting Dr. Wilkinson's opinion. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008) ("Medical opinions that predate the

---

[1] The ALJ rejected the opinions of Aaron Burdge, Ph.D., and Jan Lewis, Ph.D., because they were "largely based on the opinion of Dr. Wingate." Because Chandel has not shown that the ALJ erred in rejecting Dr. Wingate's opinions, she also has not shown error with respect to Drs. Burdge and Lewis.

alleged onset of disability are of limited relevance."); *Buck v. Berryhill*, 869 F.3d 1040, 1048 (9th Cir. 2017) ("The Court may not reverse an ALJ's decision on account of a harmless error." (citation omitted)).

Chandel's assertion that the ALJ erred in relying on the opinions of Christmas Covell, Ph.D., Gary Nelson, Ph.D., and Carol Mohney, Ph.D. fails because her briefs do not challenge the ALJ's findings that these doctors' opinions were both consistent with the medical record and well-supported.

2. Chandel also claims that the ALJ erroneously rejected her symptom testimony. Where, as here, "a claimant presents objective medical evidence establishing an impairment 'that could reasonably produce the symptoms of which she complains, an adverse credibility finding must be based on clear and convincing reasons.'" *Smartt v. Kijakazi*, 53 F.4th 489, 497 (9th Cir. 2022) (quoting *Carmickle*, 533 F.3d at 1160). Here, the ALJ explained that although Chandel has "severe mental health conditions," her complaints of "disabling symptoms and limitations" were inconsistent with the medical record and with her "wide range of daily activities." *See id.* at 496-500; *see also Ahearn v. Saul*, 988 F.3d 1111, 1117 (9th Cir. 2021).

3. Chandel spends a dozen pages of her opening brief summarizing treatment records and finishing with the conclusory statement these records are "consistent" with Dr. Wingate's opinions and with Chandel's symptom testimony.

4                                                                                           24-5497

The district court held that Chandel had failed to adequately develop any argument based on these records, and Chandel does not challenge that holding in her opening brief on appeal. *See In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 992 (9th Cir. 2010) ("We generally do not 'entertain[ ] arguments on appeal that were not presented or developed before the district court.'" (citation omitted)); *see also Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("[W]e 'review only issues which are argued specifically and distinctly in a party's opening brief." (citation omitted)). Again, Chandel fails to adequately develop any argument based on these records on appeal. *See Sekiya v. Gates*, 508 F.3d 1198, 1200 (9th Cir. 2007). We decline to consider any argument that might be surmised from the summary of the evidence.

4. Given that Chandel has not shown that the ALJ erred in his evaluation of the evidence, she also has not shown that the ALJ erred in determining her residual functional capacity ("RFC") or in relying on the vocational expert's testimony regarding a hypothetical individual with limitations consistent with her RFC. *See Kitchen*, 82 F.4th at 742.

**AFFIRMED.**