
**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| JOSEPH E. WOOD, | No.  24-6838 |
| Plaintiff - Appellant, | D.C. No. 3:23-cv-06181-SKV |
| v. | Western District of Washington, Seattle |
| FRANK BISIGNANO, Commissioner of Social Security, | |
| Defendant - Appellee. | MEMORANDUM* |

Appeal from the United States District Court
for the Western District of Washington
S. Kate Vaughan, Magistrate Judge, Presiding,

Submitted December 5, 2025**
Portland, Oregon

Before: McKEOWN and SUNG, Circuit Judges, and FITZWATER,*** District Judge.

Joseph E. Wood ("Wood") appeals the district court's order affirming the Social

Security Commissioner's denial of his supplemental security income application.  We

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. "We review the district court's order affirming the [administrative law judge's ("ALJ's")] denial of social security benefits de novo and will disturb the denial of benefits only if the decision contains legal error or is not supported by substantial evidence." *Kitchen v. Kijakazi*, 82 F.4th 732, 738 (9th Cir. 2023) (quoting *Lambert v. Saul*, 980 F.3d 1266, 1270 (9th Cir. 2020)).

2. The ALJ did not improperly reject the medical opinions of Richard Henegan, M.D. ("Dr. Henegan"), Siobhan Budwey, Ph.D. ("Dr. Budwey"), Kimberly Wheeler, Ph.D. ("Dr. Wheeler"), Luci Carstens, Ph.D. ("Dr. Carstens"), and Myrna Palasi, M.D. ("Dr. Palasi"). Wood contends that the ALJ had no factual basis to reject Dr. Henegan's opinions. "The most important factors that the agency considers when evaluating the persuasiveness of medical opinions are supportability and consistency." *Woods v. Kijakazi*, 32 F.4th 785, 791 (9th Cir. 2022) (internal quotation marks). The ALJ properly determined that Dr. Henegan's opinions were unpersuasive because they were not adequately supported by his own findings and were inconsistent with the medical evidence in the record. *See id.* at 792–93 (affirming ALJ who found unpersuasive a medical opinion that was inconsistent with medical evidence in the record); *Tommasetti v. Astrue*, 533 F. 3d 1035, 1041 (9th Cir. 2008) (ALJ may discount a doctor's medical opinion that is inconsistent with or unsupported by

doctor's own findings).

Wood's objection to the ALJ's rejection of the medical opinions of Dr. Budwey, Dr. Wheeler, Dr. Carstens, and Dr. Palasi also fails. Wood does not identify any specific errors in the ALJ's analysis of these medical opinions. Instead, he asks this court to reweigh the evidence and resolve conflicts in the record differently than the ALJ did. But "[w]e may not reweigh the evidence or substitute our judgment for that of the ALJ." *See Ahearn v. Saul*, 988 F.3d 1111, 1115 (9th Cir. 2021). In any event, even assuming that Wood is correct that some evidence in the record supports the medical opinions of Dr. Budwey, Dr. Wheeler, Dr. Carstens, and Dr. Palasi, we must affirm because the record sufficiently supports the ALJ's interpretation of the evidence. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) ("Where evidence is susceptible to more than one rational interpretation, . . . the ALJ's conclusion . . . must be upheld.") (citation omitted).

3. The ALJ did not err in evaluating the medical opinions of Edward Beaty, Ph.D. ("Dr. Beaty") and Vincent Gollogly, Ph.D. ("Dr. Gollogly"). Although the ALJ determined that the opinions of Dr. Beaty and Dr. Gollogly were partially persuasive, Wood contends that the residual functional capacity ("RFC") determination does not account for all of the limitations found in their opinions. The limitations listed in the RFC determination need only be consistent with, rather than identical to, the

limitations identified in the medical opinions. *See Shaibi v. Berryhill*, 883 F.3d 1102, 1106–08 (9th Cir. 2017) (concluding that there is "no obvious inconsistency" between moderate social interaction limitations identified by physicians and an RFC determination that the claimant was capable of occasional social interaction with coworkers). Here, the limitations that the ALJ incorporated into Wood's RFC are consistent with the limitations Dr. Beaty and Dr. Gollogly identified.

4. Although the non-examining state agency physicians did not review any evidence beyond May 2018, the ALJ did not err in giving weight to those opinions. There is always some time lapse between a consultant's report and the ALJ hearing and decision, and the social security regulations impose no limit on such a gap in time. Instead, what matters is whether the non-examining experts' opinions were supportable and consistent with the medical record as a whole. *See* 20 C.F.R. § 416.920c©. The ALJ explained why the non-examining experts' opinions were "generally consistent with the record during the period under review" and that the explanations for those opinions, based on the evidence that was before those experts, made them supportable.

5. Wood's objections to the ALJ's analysis of the medical opinion of John Miller, M.D. ("Dr. Miller") and the clinical findings of his treatment providers are forfeited. Wood maintains that the ALJ failed to properly evaluate the medical

opinion of Dr. Miller. In support of this contention, however, Wood merely summarizes clinical findings, without analysis or citation to caselaw. Likewise, Wood's opening brief lists the clinical findings of his treatment providers, without analysis, and then concludes that this evidence undermines the ALJ's analysis of the other medical opinions. We decline to manufacture arguments where none is presented. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003); *Sekiya v. Gates*, 508 F.3d 1198, 1200 (9th Cir. 2007) (concluding that "lists of facts unaccompanied by analysis and completely devoid of caselaw fall far short of" Federal Rule of Appellate Procedure 28(a)(8)(A)'s requirement that appellants present their "contentions and the reasons for them" in opening briefs).

6. The ALJ did not improperly discount Wood's testimony. Where, as here, the ALJ did not find evidence of malingering and determined that objective medical evidence established an impairment that could produce the symptoms of which the claimant complained, the ALJ must offer clear and convincing reasons for rejecting the claimant's testimony. *See Smartt v. Kijakazi*, 53 F.4th 489, 497 (9th Cir. 2022). The ALJ identified inconsistencies between Wood's testimony and the medical evidence in the record, observed that there were significant gaps in treatment and an improvement in Wood's mental health, and explained that Wood's daily activities suggested that his condition was not as severe as alleged. These reasons are

sufficiently clear and convincing. *See id.* at 497–501 (concluding that ALJ properly doubted severity of claimant's impairments based on inconsistencies between her testimony and her medical evidence, daily activities, conservative treatment plan, and overall improvement).

7. The ALJ also did not commit harmful error when assessing the lay witness evidence from Wood's mother and the agency interviewer. The parties dispute whether the post-March 27, 2017, social security regulations abrogated prior precedent holding that an ALJ cannot disregard competent lay witness testimony "without comment" and "must give reasons that are germane to each witness." *Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012). We need not reach this question. The ALJ satisfied this court's precedent by rejecting the testimony of Wood's mother because it was "inconsistent with the medical evidence." "Inconsistency with medical evidence" is a "germane reason[] for discrediting the testimony of lay witnesses." *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005). And although the ALJ omitted from his analysis the agency interviewer's observations, any resulting error was harmless. Where the "ALJ's well-supported reasons for rejecting the claimant's testimony apply equally well to the lay witness testimony," the ALJ's failure to discuss the lay witness testimony is harmless error. *See Molina*, 674 F.3d at 1117. The content of Wood's testimony is similar to that of

the agency interviewer's observations. Because the ALJ provided well-supported reasons for rejecting Wood's testimony, "it follows that the ALJ also gave germane reasons for rejecting" the agency interviewer's testimony. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009).

8. Finally, because the ALJ did not commit harmful error with respect to the medical opinion evidence, Wood's testimony, or the lay evidence, Wood has not shown that the ALJ's RFC assessment or hypothetical posed to the vocational expert was based on a flawed analysis. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008) (rejecting claimant's step five challenge where she "simply restate[d] her argument that the ALJ's RFC finding did not account for all her limitations"); *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 886 (9th Cir. 2006) ("[I]n hypotheticals posed to a vocational expert, the ALJ must only include those limitations supported by substantial evidence.").

**AFFIRMED**.