NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 9 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EDGAR LEONEL VALDEZ FRANCO, <br><br> Petitioner, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 25-2887 <br><br> Agency No. <br> A200-719-813 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 5, 2026[**]
San Francisco, California

Before: GOULD, M. SMITH, and R. NELSON, Circuit Judges.

Petitioner Edgar Leonel Valdez Franco petitions for review of a decision by

the Board of Immigration Appeals ("BIA") dismissing his appeal of a decision

from an Immigration Judge ("IJ") that denied his applications for asylum,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and protection under the Convention Against Torture ("CAT"). The parties are familiar with the relevant underlying facts, so we do not recount them here. We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

1. Petitioner's opening brief recycles his administrative appeal brief such that he presents the same arguments previously presented to the BIA without challenging any aspects of the BIA's rejection of those arguments. His opening brief does not "specifically and distinctly" challenge any aspect of the BIA's decision. *See Paladin Assocs., Inc. v. Mont. Power Co.*, 328 F.3d 1145, 1164 (9th Cir. 2003) (explaining the court ordinarily will not consider matters that are not "specifically and distinctly argued in an appellant's opening brief"). The government's answering brief raised these deficiencies, but Petitioner did not file a reply brief or make any attempt to correct the "glaring deficiencies." *Han Giok Han v. Stanford Univ.*, 210 F.3d 1038, 1040 (9th Cir. 2000). Although this case could be resolved on these waiver and exhaustion issues, we have also reviewed the case on the merits to ensure that Petitioner is not a "meritorious appellant" being left "without a legal remedy when the fault lies solely with his" counsel. *Sekiya v. Gates*, 508 F.3d 1198, 1200 (9th Cir. 2007). For the reasons discussed below, Petitioner is not.

2. Substantial evidence supports the BIA's finding that petitioner is

ineligible for asylum and withholding of removal because he failed to establish past persecution or a well-founded fear of future persecution. Petitioner's past harm stemmed from gang members threatening and extorting him. But Petitioner did not challenge the IJ's determinations regarding his gang-related fear (past or future) to the BIA or to this court. The BIA found that Petitioner waived review of these issues and Petitioner failed to challenge the BIA's determinations that he waived those issues in his petition for review. Thus, he has forfeited review of the waiver determinations, and the issues are unexhausted. *See Nguyen v. Barr*, 983 F.3d 1099, 1102 (9th Cir. 2020) (applying forfeiture where petitioner failed to raise issue in the opening brief); *Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 n.5 (9th Cir. 2013) (finding petitioner "did not contest the denial of cancellation of removal in her opening brief, so the issue is waived").

Regarding his fear of future persecution based on his HIV diagnosis, the agency properly found that his fear was "subjectively genuine" but not "objectively reasonable." Petitioner has not shown how challenges concerning delays in diagnosis and delays between diagnosis and formulation of a treatment plan would impact him because he has already been diagnosed and prescribed medication.

And Petitioner waived any challenge to the IJ's finding that he did not establish that he could not safely and reasonably relocate to avoid persecution because he did not raise it to the BIA. *See Matter of O-R-E-*, 28 I&N Dec. 330,

336 n.5 (BIA 2021).

The BIA's past persecution and well-founded fear of future persecution determinations are dispositive of Petitioner's asylum and withholding of removal claims. *See Davila v. Barr*, 968 F.3d 1136, 1142 (9th Cir. 2020) ("An applicant who fails to satisfy the lower standard for asylum necessarily fails to satisfy the more demanding standard for withholding of removal, which involves showing by a 'clear probability' that the petitioner's life or freedom would be threatened in the proposed country of removal." (citation omitted)).

3. Substantial evidence supports the agency's finding that Petitioner's fears that he would more likely than not be tortured if he returned to Guatemala were too speculative. The only issue Petitioner raised before the BIA with respect to his CAT claim was his contention that he would be tortured due to his HIV status and perceived homosexuality. Petitioner did not show that the BIA erred in concluding that his fear was speculative. *Garcia v. Wilkinson*, 988 F.3d 1136, 1148 (9th Cir. 2021) ("[A] speculative fear of torture is insufficient to satisfy the 'more likely than not' standard."). Nor did he show that the agency erred in finding that there was insufficient evidence to show that the Guatemalan government would acquiesce or turn a blind eye to his torture.

**PETITION DENIED.**[1]

---

[1] Petitioner's motion to stay removal (Dkt. No. 3) is denied as moot.