NOT FOR PUBLICATION

FILED

AUG 02 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SWARAN LOOMBA, a.k.a. Swaran Singh,<br><br>             Petitioner,<br><br>  v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>             Respondent. | No. 07-71632<br><br>Agency No. A072-681-754<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 19, 2010[**]

Before:     B. FLETCHER, REINHARDT, and WARDLAW, Circuit Judges.

Swaran Loomba, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") removal order.  Our jurisdiction is governed by

8 U.S.C. § 1252.  We review de novo questions of law, including due process

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

challenges, *Vasquez-Zavala v. Ashcroft*, 324 F.3d 1105, 1107 (9th Cir. 2003), and review for abuse of discretion the denial of a motion to remand, *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

Loomba contends the IJ should have terminated proceedings for lack of prosecution due to technical defects in the charging documents. We agree with the BIA that the IJ did not err in granting the government's request for a continuance to remedy these alleged defects. *See* 8 C.F.R. §§ 1003.29, 1003.30, 1240.10(e). Loomba's contention that the agency violated its own regulations fails because he is unable to demonstrate prejudice. *See Kohli v. Gonzales*, 473 F.3d 1061, 1066-67 (9th Cir. 2007) ("When presented with allegations that an agency has violated its own regulation . . . the claimant must show he was prejudiced by the agency's mistake.").

We lack jurisdiction to consider Loomba's contention that the government exceeded the scope of the IJ's order continuing proceedings because he failed to raise it before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

Loomba contends the IJ violated due process by denying his request for an evidentiary hearing. Contrary to Loomba's contention, the proceedings were not "so fundamentally unfair that [he] was prevented from reasonably presenting [his]

case." *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000) (citation omitted). Moreover, Loomba failed to demonstrate that an evidentiary hearing would have affected the outcome of the proceedings. *See id*. (requiring prejudice to prevail on a due process challenge). Loomba's claim that the IJ was biased and uninformed is not supported by the record.

Finally, the BIA did not abuse its discretion in denying Loomba's motion to remand the record to reconstruct a missing hearing transcript because Loomba failed to demonstrate any prejudice from the missing transcript. *See Ramirez-Alejandre v. Ashcroft*, 319 F.3d 365, 382 (9th Cir. 2003) ("Under BIA procedure, a motion to remand must meet all the requirements of a motion to reopen and the two are treated the same."); *Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir. 2002) (The BIA's denial of a motion to reopen shall be reversed only if it is "arbitrary, irrational or contrary to law.").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**