**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 26 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AREGINA VAHANYAN, et al., | Nos. 21-590, 22-1043 |
| Petitioners, | Agency No. A075-621-602 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 6, 2023
San Francisco, California

Before: W. FLETCHER, TALLMAN, and LEE, Circuit Judges.

Aregina Vahanyan and her son, Armen Vahanyan, (collectively, "the Vahanyans") petition for review of the Board of Immigration Appeals' ("BIA") dismissal of their appeal. The Vahanyans are natives of the former Soviet Union. Aregina claims statelessness, and Armen is a citizen of Armenia. In 2004, an

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1

Immigration Judge ("IJ") revoked Aregina and Armen's asylum status after they admitted lead petitioner Aregina had submitted a fraudulent asylum application in 1998. The BIA subsequently adopted and affirmed the IJ's finding of a frivolous asylum bar and denied the Vahanyans' motion to remand based on ineffective assistance of counsel and subsequent motion to reconsider. *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994). The Vahanyans now petition for review, alleging the BIA erred in 1) finding that Aregina knowingly filed a frivolous asylum application, subjecting her to the frivolous asylum bar; 2) dismissing their due process claims; and 3) denying their ineffective assistance of counsel claims. As the parties are familiar with the facts, we do not recount them here. We deny the petitions.

**1.** The BIA did not err in concluding that lead petitioner Aregina Vahanyan had knowingly filed a frivolous asylum application, barring her from the benefits of asylum under 8 U.S.C. § 1158(d)(6). *Ahir v. Mukasey*, 527 F.3d 912, 916 (9th Cir. 2008). There is no dispute that Aregina's second asylum application was fraudulent. Aregina argues, however, that the IJ's frivolousness finding was improper because her 1995 application lacked a written warning as to the consequences for filing a fraudulent application, and the warning in her 1998 application was not read to her in her native language before signing. Simply put, she asserts the frivolous filing bar should not apply to her because she did not understand the consequences of lying to the United States Government to obtain immigration benefits.

2

We review the BIA's denial of asylum for substantial evidence. *Guo v. Sessions*, 897 F.3d 1208, 1212 (9th Cir. 2018). Here, substantial evidence supports the BIA's finding that Aregina knowingly submitted a fraudulent asylum application. Aregina signed her 1998 application, which contained a bold-font warning informing her of the frivolous asylum bar, using her fraudulent name.

The 1998 application lists a preparer from an immigration rights center, states that a translator was present, and was signed before an asylum officer attesting that Aregina ratified the truth of her application and confirmed her understanding of the document in his presence. The Vahanyans offer no proof to counter these facts but instead ask the court to rely solely on Aregina's insistence that she was not made aware of the consequences.[1] Even if we viewed Aregina's testimony as credible, and considered that no adverse credibility finding was made, substantial evidence would still support the BIA's finding that Aregina was aware that she was filing a fraudulent asylum application. *See Garland v. Ming Dai*, 141 S. Ct. 1669, 1680 (2021) ("Even if the BIA treats an alien's evidence as credible, the agency need not find his evidence persuasive or sufficient to meet the burden of proof."). Based on the record before us, substantial evidence supports the BIA's decision.

---

[1] Petitioners attempt to bolster the argument that Aregina did not receive notice by additionally challenging 1) the BIA's proper burden shifting to Aregina once a preemptive determination was made; 2) the fact the IJ did not make an explicit adverse credibility finding; and 3) that the evidence does not include direct testimony from the interviewing asylum officer stating he read her this notice. These assertions are not supported by the record.

3

**2.** Moreover, the BIA did not err in dismissing the Vahanyans' due process claims. Derivative petitioner Armen did not raise the issue of due process violations when he appealed the IJ's ruling to the BIA. The Government properly objected to this issue being raised here. *See Santos-Zacaria v. Garland*, 598 U.S. 411, 417–20 (2023). An applicant's failure to properly raise an issue to the BIA generally constitutes a failure to exhaust administrative remedies, thus precluding us from considering the issue. *See Iraheta-Martinez v. Garland*, 12 F.4th 942, 948 (9th Cir. 2021); *Sekiya v. Gates*, 508 F.3d 1198, 1201 (9th Cir. 2007).

As for Aregina's due process claims, the BIA did not err in finding that Aregina failed to establish prejudice. To warrant remand for due process violations, we look to see if the errors asserted made the "proceeding . . . 'so fundamentally unfair' that [Aregina] 'was prevented from reasonably presenting [her] case.'" *Yang v. Rosen*, 840 F. App'x 131, 132 (9th Cir. 2020) (quoting *Rizo v. Lynch*, 810 F.3d 688, 693 (9th Cir. 2016)); *see also Grigoryan v. Barr*, 959 F.3d 1233, 1240 (9th Cir. 2020).

Here, Aregina asserts her due process rights were violated because 1) the Immigration Court could not locate transcripts for her removal proceedings between 2004 and 2010; and 2) the IJ admitted Exhibit 6, her original 1995 asylum application and denial, without proper certification of chain of custody.[2]

---

[2] Aregina did not raise a due process claim for Exhibit 8 on appeal to the BIA, which the Government properly objected to before us. The issue is thus waived. *Santos-Zacaria v. Garland*, 598 U.S. at 423 (2023).

However, she cannot establish prejudice—neither issue would have impacted Aregina's removal proceedings in a manner so fundamentally unfair that it prevented her from presenting her case.

Taking Aregina's statements as true, little happened in her removal proceedings between 2004 and 2010, as Aregina and her husband were both ill and the IJ repeatedly waived her presence when continuing proceedings. Substantive removal proceedings did not occur until 2013 when the DHS filed Form I-261. Moreover, the inclusion of Exhibit 6, which both parties recognize to be the Vahanyans' truthful first application and subsequent DHS denial letter, were not the source of the court's frivolous asylum application finding. The source of the frivolous asylum bar is Aregina's second 1998 asylum application, in which she provided false names and a false narrative of alleged persecution. Exclusion of Exhibit 6 would not have changed the results of the proceedings. *See Loomba v. Holder*, 391 F. App'x 588, 589 (9th Cir. 2010) (finding no prejudicial effect). Accordingly, Aregina did not establish prejudice sufficient to overturn the BIA decision.

**3.** Finally, the BIA did not err in denying the Vahanyans' motion to remand for ineffective assistance of counsel.[3] "Ineffective assistance of counsel in a deportation proceeding is a denial of due process under the Fifth Amendment if

_____

[3] Armen did not raise an ineffective assistance of counsel claim prior to this appeal. This claim is waived as to Armen. *Santos-Zacaria v. Garland*, 598 U.S. at 423 (2023).

5

the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case." *Ortiz v. I.N.S.*, 179 F.3d 1148, 1153 (9th Cir. 1999) (quoting *Lopez v. I.N.S.*, 775 F.2d 1015, 1017 (9th Cir. 1985)). Aregina asserts that her counsel failed "to file [an] application for adjustment of status coupled with a fraud waiver," thus preventing her from later pursuing that form of relief. The BIA denied Aregina's motion to remand, explaining that her former counsel "reasonably waited to file an application for adjustment of status, in order to see if the [IJ's] frivolous finding would pose a bar to relief." We agree. The tactical decision to wait to file an adjustment of status application until after the IJ's decision was both a subjective and strategic choice that does not display a lack of competency. We do not have the authority to correct purely strategic errors made by lawyers on behalf of their clients. *Ortiz*, 179 F.3d at 1153 (internal citation omitted).

**PETITIONS DENIED**.