NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ANA CRUZ-GUARDADO; ONEYDA
GAMEZ-CRUZ,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 23-4218

Agency Nos.
A240-189-292
A240-189-293

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 2, 2025[**]
Pasadena, California

Before: GILMAN[***], M. SMITH, and VANDYKE, Circuit Judges.

Ana Cruz-Guardado ("Petitioner"), a native and citizen of El Salvador, seeks

review of a Board of Immigration Appeals ("BIA") decision dismissing her appeal

of an Immigration Judge's ("IJ") denial of Petitioner's claims for asylum,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Ronald Lee Gilman, United States Circuit Judge for the Court of Appeals, 6th Circuit, sitting by designation.

withholding of removal, and Convention Against Torture ("CAT") protection.[1] We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

When reviewing the BIA's final orders, we "'review questions of law de novo' and the agency's 'factual findings for substantial evidence.'" *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022) (citation omitted). "[U]nder the highly deferential substantial evidence standard," *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1016 (9th Cir. 2023), findings of fact are "conclusive unless any reasonable adjudicator would be *compelled* to conclude to the contrary," *Ruiz-Colmenares*, 25 F.4th at 748 (citation omitted).

1. Petitioner has waived any challenge to the agency's denial of her claims for asylum and withholding of removal by not adequately challenging the BIA's lack-of-nexus finding. A party waives any issue not specifically raised and argued in the opening brief. *Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996); *Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079–80 (9th Cir. 2013). Petitioner simply recites the legal standard for nexus and includes the word "nexus" in a subheading. But beyond this, Petitioner does not offer "an argument … contain[ing] '[her] contentions and the reasons for them, with citations to the authorities and parts

---

[1] Petitioner also brings claims on behalf of her minor daughter, who is a beneficiary of Petitioner's application. *See Sumolang v. Holder*, 723 F.3d 1080, 1083 (9th Cir. 2013); *Ali v. Ashcroft*, 394 F.3d 780, 782 n.1 (9th Cir. 2005).

of the record on which [she] relies,'" to explain how the agency erred by finding no nexus to her proposed particular social groups ("PSG"). *Sekiya v. Gates*, 508 F.3d 1198, 1200 (9th Cir. 2007) (per curiam) (citation omitted). Petitioner's arguments are instead wholly divorced from the BIA's grounds. Because our review is limited to the grounds on which the agency relied, *Andia v. Ashcroft*, 359 F.3d 1181, 1184 (9th Cir. 2004), we may review only the lack-of-nexus finding, which Petitioner has waived.

2. Substantial evidence also supports the agency's denial of CAT relief. To qualify for CAT relief, an applicant must show that she would "more likely than not" be tortured if removed. 8 C.F.R. § 1208.16(c)(2); *Madrigal v. Holder*, 716 F.3d 499, 508 (9th Cir. 2013). She must also show that the torture would be "inflicted by, or at the instigation of, or with the consent or acquiescence of, a public official ... or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1), (a)(7). With respect to the unfortunate random act of criminal violence committed against her by gang members, Petitioner does not establish how this compels a greater-than-fifty-percent future risk of torture against her. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam). As to the domestic abuse that she regrettably experienced, Petitioner only speculates that her former partner would inflict further harm if she is removed to El Salvador. And neither Petitioner's testimony nor the country-conditions evidence compels the conclusion any such

harms would be inflicted by or with the acquiescence of the government. The record therefore does not compel the conclusion that Petitioner was entitled to CAT relief.

**PETITION DENIED.**